Arthur HOUSE, Plaintiff-Appellant,

and

John S. Hogg, Appellant,

v.

SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.

No. 1193, Docket 82–6034.

United States Court of Appeals, Second Circuit.

Argued May 17, 1982.

Decided Aug. 30, 1982.

ices may use Rule 60(b)(6) of the Federal Rules of Civil Procedure as a vehicle to set aside and reduce an award of attorney's fees made in a social security case pursuant to 42 U.S.C. § 406(b). The United States District Court for the Northern District of New York, Howard G. Munson, Chief Judge, held that Rule 60(b)(6) provided an appropriate procedure and reduced the fee awarded to the claimant's attorney from $9,576.07 to $5,362.50. Because we find that the Secretary made no showing of extraordinary circumstances that would warrant relief under Rule 60(b)(6), we reverse and reinstate the original fee award.

When he became disabled for work in 1973 Arthur House retained the law firm of Oot & Fallon to represent him on his claim for social security benefits. They agreed that the attorney's fee would be contingent upon a successful result, that it would be based upon the reasonable value of services rendered, and that it would not exceed the maximum of 25% of past due benefits that is fixed by § 206(b) of the Social Security Act, 42 U.S.C. § 406(b). After several years of administrative proceedings which ended with a denial of benefits, this action was filed in 1976 pursuant to 42 U.S.C. § 405(g), seeking review of the adverse determination of the Secretary. After a first remand and still further proceedings before the court, Judge Munson finally reversed the decision of the Secretary and remanded for computation and payment of benefits.

In March, 1981, Oot & Fallon petitioned Judge Munson to fix attorney's fees at $9,576.07, which equalled 25% of the past benefits awarded to House and his dependents, the maximum fee permitted by the statute. 42 U.S.C. § 406(b)(1). The Secretary, who claims he did not receive a copy of the petition before it was granted, did not oppose the fee request, nor did plaintiff House object to the requested amount. On March 18, 1981, Judge Munson awarded appellant the requested $9,576.07 fee.

The Secretary did not appeal Judge Munson's order. Instead, approximately three weeks after his time to appeal had expired,

John S. Hogg, Hamilton, N. Y., pro se and for plaintiff-appellant.

George H. Lowe, U. S. Atty., N. D. N. Y., Syracuse, N. Y. (Gustave J. Dibianco, Syracuse, N. Y., of counsel), for defendant-appellee.

Before MANSFIELD, MESKILL, Circuit Judges, and PRATT,* Circuit Judge.

GEORGE C. PRATT, Circuit Judge.

This appeal raises the issue of whether the Secretary of Health and Human Serv-

---

* When this appeal was heard, Judge Pratt was a District Judge for the Eastern District of New York, sitting by designation. He was inducted as a judge of this court on June 29, 1982.

Fed.R.App.P. 4(a)(1), the Secretary moved on June 12, 1981 pursuant to Rule 60(b)(6) to set aside the judgment.[1] In an order filed December 21, 1981, Judge Munson concluded that in cases such as this where fee assessments "are made without the benefit of the Secretary's assistance and may be excessive", reconsideration pursuant to Rule 60(b)(6) is appropriate. J. App. at 17. He found that "justice * * * require[d] relief", *id.* at 17, and reduced the award to $5,362.50, an amount reached by multiplying the 71.5 hours claimed by the attorneys to have been spent on the case by the $75 hourly rate he termed "normal" in social security cases. Claimant's attorney appeals, claiming that Rule 60(b)(6) was not properly available to the Secretary.

Rule 60 of the Federal Rules of Civil Procedure prescribes procedures by which a party may seek relief from a final judgment. Properly applied, the rule preserves a balance between serving the ends of justice and ensuring that litigation reaches an end within a finite period of time. *Bankers Mortgage Co. v. United States,* 423 F.2d 73, 77 (5th Cir.), *cert. denied,* 399 U.S. 927, 90 S.Ct. 2242, 26 L.Ed.2d 793 (1970); 11 C. Wright & A. Miller, *Federal Practice and Procedure: Civil* § 2851 (1973). The first five subdivisions of Rule 60(b) provide that

> [T]he court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud * * * misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application * * * Fed.R.Civ.P. 60(b).

Subdivision (6), which is the subject of this appeal, provides that the court may grant relief from an order for "any * * * reason justifying relief from the operation of the judgment."

The rule is not to be used as a substitute for appeal, *Eutectic Corp. v. Metico, Inc.,* 597 F.2d 32, 34 (2d Cir. 1979), and relief under 60(b)(6) may be granted only when "exceptional" or "extraordinary" circumstances exist. *Compare Klapprott v. United States,* 335 U.S. 601, 69 S.Ct. 384, 93 L.Ed. 266 (1949); *Matter of Emergency Beacon Corp. v. Barr,* 666 F.2d 754 (2d Cir. 1981); *Cavalliotis v. Salomon,* 357 F.2d 157 (2d Cir. 1966) *with Ackermann v. United States,* 340 U.S. 193, 71 S.Ct. 209, 95 L.Ed. 207 (1950); *United States v. Cirami,* 563 F.2d 26, 32 (2d Cir. 1977); *Rinieri v. News Syndicate Co.,* 385 F.2d 818 (2d Cir. 1967).

Judge Munson, in reducing the fee award here, concluded that "justice so require[d] relief" from the original award. J. App. at 17. In essence he held that the position of the Secretary as an adversary of the social security claimant before the award is made and as an advocate for the claimant after benefits are awarded, coupled with the fact that the size of a percentage fee in a lengthy social security case is often more related to the time elapsed than to the value of the services performed, constituted "extraordinary circumstances" justifying relief under Rule 60(b)(6). We do not agree.

Judge Munson viewed it as "clear" that "a social security claimant subject to the assessment of attorney's fees must rely primarily upon the Secretary to ensure that the claimed fees are proper." J. App. at 17. While it is true that a successful claimant may hesitate to challenge the size of the attorney's fee because of gratitude to the attorney or a desire to put an end to the litigation, it is nevertheless unrealistic in a case such as this to assume that at this final stage of an eight-year-old dispute the claimant would place any reliance upon the Secretary who had been his adversary throughout the proceedings and who had sought to avoid paying any benefits whatsoever.

---

1. The Secretary also sought relief under Rule 60(b)(1), but the trial court held that the Secretary did not make the requisite showing of "mistake, inadvertence, surprise, or excusable neglect", J. App. at 15, and no cross-appeal was taken from that determination.

The Secretary does have an interest in ensuring that a claimant receives the full benefits to which he or she is entitled, *see Allen v. United States*, 606 F.2d 432 (4th Cir. 1979), and this interest extends to the propriety and amount of the attorney's fee to be paid from the award. However, these concerns are the proper substance and basis for opposing the original application for fees; they add no "extraordinary circumstances" that would warrant relief under Rule 60(b)(6). In holding that they do, Judge Munson abused his discretion. *See Altman v. Connally*, 456 F.2d 1114, 1116 (2d Cir. 1972). Our conclusion is particularly appropriate in this case, where the Secretary could have appealed the original fee award or moved to reargue, where the claimant himself has stated that he does not oppose the amount of the fee, and where there is no hint that appellant engaged in any delay tactics in order to increase the size of the fee.

The Secretary asserts that he "did not receive this petition prior to the entrance of the fee award", Brief for Appellee at 2, and that he therefore "had no opportunity to respond to the reasonableness of the fee petition", *id.* at 3. We agree with Judge Munson that the Secretary has not demonstrated lack of notice but merely an inability to respond timely to the notice received. This conclusion is consistent with the Secretary's argument on this appeal that

> [o]rdinarily, the Secretary does not receive court orders in a timely fashion to file motions for reconsideration under Rule 59(e) F.R.Civ.P. In order for the Secretary to appeal a case he must seek approval from the Solicitor General's Office, Department of Justice. Thus, the only recourse for the Secretary to get expeditious and immediate relief from an onerous court order is by way of a 60(b) motion.

Brief for Appellee at 16.

The Secretary, however, is subject to the same rules and procedures as are other litigants. The test of "extraordinary circumstances" is not met by reason of delay caused by office procedures requiring the Secretary to seek approval from the Solicitor General before appealing a decision, nor by the existence of a chronic backlog of cases in the U. S. Attorney's office.

Moreover, even if these two considerations were to be viewed as sufficiently extraordinary circumstances to warrant relief under Rule 60(b)(6), to be effective they would have to be supported by more than vague statements in a brief. Yet, we have been unable to find any evidence in the record before us to support either assertion. What the record does show is that the Secretary allowed the time for appeal under Fed.R.App.P. 4(a)(1) to pass and then sought relief under Rule 60(b) without advancing any evidence by documents or affidavits that would meet the criteria for granting relief under the rule.

Since we find nothing in the record establishing extraordinary circumstances that would warrant relief under Rule 60(b)(6), we reverse the decision and order of December 21, 1981, and reinstate the fee award of March 18, 1981. The Secretary shall bear the costs of this appeal.