Antonio Miranda ORTIZ, Plaintiff,

v.

Robert M. MORGENTHAU, individually and in his official capacity as Manhattan District Attorney; Debora L. Morse, individually and in her official capacity as Assistant District Attorney (A.D.A.); Mark Dwyer, individually and in his official capacity as A.D.A.; Deborah Hickey, individually and in her official capacity as A.D.A.; Eugene Nardelli, individually and in his official capacity as Manhattan Supreme Court Judge [sic]; J. Castle, individually and in her official capacity as A.D.A.; Anthony C. Ginetto, individually and in his official capacity as an Attorney at Law; Jay Rosen, individually and in his official capacity as an Attorney at Law; Victor Cornetta, individually and in his official capacity as a Police Officer; Joan Barrella, individuall [sic]; Carol Brown, individually; Steven Russell, individually; Several John, and Jane Does, Defendants.

No. 91 Civ. 3834 (RPP).

United States District Court,
S.D. New York.

Sept. 13, 1991.

Antonio Miranda Ortiz, pro se.

Robert M. Morgenthau, Dist. Atty. of County of New York by Morrie I. Kleinbart, Michael I. Braverman, Asst. Dist. Attys., New York City, for Robert Morgen-

thau, Mark Dwyer, Deborah Hickey and Debora Morse.

Robert Abrams, Atty. Gen. of State of N.Y., Dept. of Law by Carolyn Cairns Olson, New York City, for Eugene Nardelli.

Anthony C. Ginetto, pro se.

## OPINION AND ORDER

ROBERT P. PATTERSON, Jr., District Judge.

This is an action commenced on December 13, 1990 by plaintiff pro se, seeking relief under 42 U.S.C. §§ 1981, 1983, 1985, 1986, 1997a and 28 U.S.C. § 1961. Defendants Morgenthau, Morse, Dwyer, Hickey, Nardelli, and Ginetto move to dismiss the complaint pursuant to Fed.R.Civ.P. 12(b)(6). For the reasons set forth below, this action is dismissed as to all defendants.

## BACKGROUND

For purposes of this motion, the facts as stated in the complaint must be taken as true. They are, in pertinent part, as follows.

Plaintiff was arrested on June 21, 1984 and charged with robbery. Plaintiff alleges that this arrest and his subsequent conviction, on February 11, 1985, and sentencing, on March 28, 1985, were the result of a conspiracy among defendants to deprive plaintiff of his constitutional rights and that he is thus being "illegally confined." Complaint at 7, ¶ 3. Plaintiff further claims that this conspiracy continued during the appellate stage of his criminal proceeding and in connection with his petition for a writ of error coram nobis.

Plaintiff claims that defendant Cornetta, who arrested plaintiff for robbery on June 21, 1984, assaulted him and stole his property. Plaintiff further alleges that defendants District Attorney Morgenthau, Assistant District Attorney Castle, plaintiff's trial attorney Rosen, and New York Supreme Court Justice Nardelli conspired to "cover up ... the events for which [plaintiff] was charged and convicted of" and arranged for witnesses to give perjured

testimony against him. Complaint at 4, ¶¶ 3–4. Specifically, plaintiff claims that he received an unfair trial at which perjured testimony was given by defendants Cornetta, Russell, Barrella, and Brown and a 1978 photograph of himself was used improperly to refresh a witness's recollection, the real purpose having been to refresh a juror's recollection that plaintiff had robbed the juror in 1978 and that the juror had convicted plaintiff in 1979. Complaint at 4, ¶ 5. Plaintiff also asserts that defendant Nardelli failed to decide a motion plaintiff filed pursuant § 440.10 of the New York Criminal Procedure Law on October 12, 1987. Complaint at 5–6, ¶ 11.

Plaintiff alleges that his appellate counsel, defendant Ginetto, as well as defendants Assistant District Attorneys Hickey and Dwyer, then deprived plaintiff of his right to appeal by "making deals" with one another without plaintiff's knowledge. According to the Complaint, the Appellate Division affirmed plaintiff's conviction on April 30, 1987.

The Complaint next alleges that plaintiff was unable properly to prepare his August 8, 1988 petition for a writ of habeas corpus in this Court, No. 88 Civ. 6096 (RO), due to an order of Defendant Nardelli denying plaintiff access to the trial record. Complaint at 6, ¶ 12.

Finally, plaintiff asserts that, when he filed a writ of error coram nobis on November 4, 1990, defendant Assistant District Attorney Morse continued the conspiracy by relying in her responsive papers of February 25, 1991 on "perjury, and false statement, in order to confuse the Appelate Division." Complaint 6, ¶ 13.

## DISCUSSION

A pro se complaint is held "to less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner,* 404 U.S. 519, 520–21, 92 S.Ct. 594, 595–96, 30 L.Ed.2d 652 (1972). Nonetheless, even according this complaint the most sympathetic reading, it must be dismissed for its failure to state a claim upon which relief may be granted.

#### 1. Statute of Limitations

■ It is well-settled that an action under 42 U.S.C. § 1983 is governed by the state statute of limitations for personal injury and that in New York the relevant statute is section 214(5) of the New York Civil Practice Law, which provides for a three-year limitations period. *See Owens v. Okure*, 488 U.S. 235, 109 S.Ct. 573, 102 L.Ed.2d 594 (1989); *Day v. Morgenthau*, 909 F.2d 75, 78 (2d Cir.1990). The three-year limitations period is appropriate for actions pursuant to 42 U.S.C. §§ 1981 and 1985 as well. *See Tadros v. Coleman*, 898 F.2d 10, 12 (2d Cir.1990) (section 1981), *cert. denied*, —— U.S. ——, 111 S.Ct. 186, 112 L.Ed.2d 149 (1990); *Hernandez–Avila v. Averill*, 725 F.2d 25, 27 n. 3 (2d Cir.1984) (sections 1981, 1983, 1985). 42 U.S.C. § 1986 by its own terms requires that claims brought thereunder be "commenced within one year after the cause of action has accrued."[1]

■ The time of accrual for this action is "that point in time when the plaintiff [knew] or ha[d] reason to know of the injury which is the basis of his action." *Singleton v. City of New York*, 632 F.2d 185, 192 (2d Cir.1980), *cert. denied*, 450 U.S. 920, 101 S.Ct. 1368, 67 L.Ed.2d 347 (1981); *see also Barrett v. United States*, 689 F.2d 324, 333 (2d Cir.1982) (quoting *Singleton*), *cert. denied*, 462 U.S. 1131, 103 S.Ct. 3111, 77 L.Ed.2d 1366 (1983). Where the gravamen of a plaintiff's claim is his imprisonment upon a conviction arising from an allegedly unfair trial, the claim accrues at the time of sentencing. *Kaiser v. Cahn*, 510 F.2d 282, 285 (2d Cir.1974). The Complaint alleges that plaintiff was sentenced on March 28, 1985. This action was commenced on June 7, 1991, over six years after the date of plaintiff's sentencing and over four years after his conviction was affirmed by the Appellate Division on April 30, 1987. The Court of Appeals denied leave to appeal on June 26, 1987.

As alleged in the Complaint, the acts underlying plaintiff's claims against most of the defendants took place before June 26, 1987. The misconduct of defendant Cornetta, the arresting officer, allegedly occurred before or during trial. The acts of defendants Castle and Morgenthau, the trial prosecutor and her superior, Rosen, plaintiff's trial attorney, and Russell, Barrella, and Brown, prosecution witnesses at plaintiff's trial, allegedly took place before or at trial, as did the gravamen of the complaint against the trial judge, defendant Nardelli. The secret "deals" between defendants Hickey and Dwyer, prosecutors involved in plaintiff's appeal, and Ginetto, plaintiff's appellate counsel, allegedly were made prior to or during plaintiff's appeal, which was terminated on June 26, 1989. Thus, the acts of only two defendants are alleged to have caused plaintiff injuries for which the limitations period has not expired: i.e. defendant Morse's allegedly false response to plaintiff's petition for a writ of error coram nobis and defendant Nardelli's alleged refusal to grant plaintiff access to the trial record. Accordingly, this action is time-barred with respect to all but two defendants, Nardelli and Morse.[2]

---

1. Several of the provisions pursuant to which plaintiff purports to bring his claims are incorrectly invoked. Plaintiff's reliance on 42 U.S.C. §§ 1997a, 1997b, and 1997c is misguided. Those provisions concern the initiation of civil rights actions by the Attorney General on behalf of persons confined or residing in institutions and do not provide for a private right of action. 42 U.S.C. § 1988 concerns attorney's fees in civil rights actions and is inapposite to this motion. Accordingly, plaintiff's claims invoking these statutes are dismissed.

2. In his memorandum in opposition to defendants' motions to dismiss, plaintiff asserts that his cause of action did not accrue until February, 1991, because "it was not untill February 25, 1991, upon receipt of defendants memoran-

dum of law, in opposition to plaintiffs writ of error coram nobis, that all the issues fell into place, and plaintiff became aware the injury suffered as a result of defendants conspiracy." Plaintiff's Memorandum of Law in Opposition to Defendants' Motions to Dismiss at 3–4. However, all but two of the injuries complained of and the actions underlying them would necessarily have been discovered by plaintiff precisely as they were occurring or, at the very latest, by the time the Court of Appeals denied plaintiff leave to appeal on June 26, 1987. But for these two exceptions, plaintiff specifies no aspect of the conspiracy that was not discovered or discoverable by him in the years 1984–1987. *See Barrett*, 689 F.2d at 333; *Singleton*, 632 F.2d at 191.

## 2. Absolute Immunity

Plaintiff's claims as to these defendants, however, are barred by the doctrine of absolute immunity.

 The scope of judicial immunity is broad: " '[J]udges of court of superior or general jurisdiction are not liable to civil actions for their judicial acts, even when such acts are in excess of their jurisdiction, and are alleged to have been done maliciously or corruptly.' " *Stump v. Sparkman*, 435 U.S. 349, 355–56, 98 S.Ct. 1099, 1104–05, 55 L.Ed.2d 331 (1978) (quoting *Bradley v. Fisher*, 80 U.S. (13 Wall.) 335, 351, 20 L.Ed. 646 (1872)). Defendant Nardelli's alleged order denying Plaintiff access to trial records was clearly a judicial act and therefore is shielded by absolute immunity.

Defendant Morse's filing of false papers relying on perjury, evidently that of the trial witnesses, in response to plaintiff's writ of error coram nobis is similarly protected. Absolute immunity applies "with full force" to a prosecutor's activities that are "intimately associated with the judicial phase of the criminal process." *Imbler v. Pachtman*, 424 U.S. 409, 430, 96 S.Ct. 984, 995, 47 L.Ed.2d 128 (1976). Thus, a prosecutor is shielded by absolute immunity when she is placed in the role of advocate, as opposed to administrator or investigative officer. *Id.* at 430–31, 96 S.Ct. at 995–96; *see Barrett v. United States*, 798 F.2d 565, 571–72 (2d Cir.1986); *Taylor v. Kavanagh*, 640 F.2d 450, 452 (2d Cir.1981). "The absolute immunity accorded to government prosecutors encompasses not only their conduct of trials but all of their activities that can fairly be characterized as closely associated with the conduct of litigation...." *Barrett*, 798 F.2d at 571–72. Defendant Morse's alleged reliance on "perjury and false statement" in her response to plaintiff's writ of error coram nobis, denied on May 9, 1991, does not remove the cloak of immunity. *Cf. Taylor*, 640 F.2d at 452 (prosecutor not liable in damages for solicitation and subornation of perjured testimony). Thus, defendant Morse's conduct is protected by the principle of absolute immunity.

The "Several John, and Jane Does" listed in the caption of this case never have been identified, nor have these defendants been served. Accordingly, the claims against these defendants are also dismissed.

## CONCLUSION

For the foregoing reasons, plaintiff's complaint is dismissed as to all defendants, and this case is ordered closed.

IT IS SO ORDERED.