Dorothy A. PALAIMO, Plaintiff,

v.

Joann LUTZ, Thomas Elthorpe, Michael Slade, James Jecko, John E. Shaw, As Justice of the Town of Marcy, Donald Buttonshon, As Justice of the Town of Marcy and St. Elizabeth's Hospital, Defendants.

No. 92–CV–1188 FJS.

United States District Court, N.D. New York.

Nov. 15, 1993.

Leon R. Koziol, Utica, NY, for plaintiff.

Mackenzie Smith Lewis Michell & Hughes (Barney F. Bilello, of counsel), Syracuse, NY, for defendant St. Elizabeth Hosp.

*MEMORANDUM–DECISION AND ORDER*

SCULLIN, District Judge.

## INTRODUCTION

Presently before the court is defendant St. Elizabeth Hospital's (the "Hospital") motion for reconsideration of its motion to dismiss, which the court denied from the bench on February 11, 1993 (and by Order dated February 23, 1993), pursuant to Rule 10 m of the Local Rules for the Northern District of New York. Familiarity with the facts is assumed for purposes of this motion.

## DISCUSSION

 A motion for reconsideration is addressed to the sound discretion of the district court, and is generally limited to those circumstances in which the movant shows either "(1) an intervening change of controlling law; (2) the availability of new evidence; and/or (3) the need to correct a clear error or prevent manifest injustice." *McLaughlin v. State of New York*, 784 F.Supp. 961, 965 (N.D.N.Y.1992) (citations omitted).

Although none of these grounds is specifically articulated by the Hospital, the court

infers that the Hospital bases its motion upon "the need to correct a clear error or prevent manifest injustice," as the Hospital contends that the court "misapprehended controlling principles and overlooked certain arguments raised by St. Elizabeth in support of its motion to dismiss." Memorandum of Law in Support of St. Elizabeth Hospital's Motion for Reconsideration ("Hospital Mem.") at 1.

The Hospital's argument for reconsideration amounts to a rendering of its own analysis of one of the cases cited by the court in its bench decision, *Rubenstein v. Benedictine Hosp.*, 790 F.Supp. 396 (N.D.N.Y.1992). The court cited *Rubenstein* and *Ruffler v. Phelps Memorial Hospital*, 453 F.Supp. 1062, 1066 (S.D.N.Y.1978) as two representative cases in which courts have found state action, notwithstanding the defendants' status in those cases as private hospitals. According to the Hospital's analysis of *Rubenstein*, the court's reliance upon this case was misplaced.

Contrary to the Hospital's apparent assumption, the court did not specifically limit its decision, in reliance upon *Rubenstein*, on a "conclusion that the complaint adequately alleges state action in that St. Elizabeth was performing a 'public function' in treating plaintiff for her injuries." Bilello Aff., Doc. 43 at ¶ 11. The court stated in its decision that "[t]he underlying question is whether the alleged infringement of rights by the private actor is 'fairly attributable' to the state, *Benedictine* case." [citing *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 102 S.Ct. 2744, 73 L.Ed.2d 482 (1982)]. Transcript, Doc. 40 at 19.

■ The court cannot ascertain, at this juncture, whether the Hospital's actions as alleged in this case are "fairly attributable" to the State; at the very least, the parties must conduct discovery in order to resolve this issue. *See Baltz v. County of Will*, 609 F.Supp. 992, 997 (D.C.Ill.1985). In this regard, the Hospital maintains that it cannot be held liable under 42 U.S.C. § 1983, as it "was performing a function traditionally performed by private hospitals, i.e., the care and treatment of injured persons," Bilello Aff., Doc. 43 at ¶ 12, while treating Plaintiff.

However, the court cannot, by any stretch of the imagination, find that Plaintiff's complaint, which includes allegations that she was taken against her will to the Hospital by defendant police officers, that while there she was restrained and involuntarily given medical treatment, and was forced to undergo a mental examination, describes routine treatment procedures for a private hospital. Moreover, following this treatment, Plaintiff was "discharged from St. Elizabeth into the custody of the State Police." *Id.* at 11 (other reference omitted).

The court is certainly cognizant of the factual differences between *Rubenstein* and the present case; i.e., that Plaintiff does not allege that the Hospital subjected her to *de jure* involuntary commitment. Nevertheless, the court finds that as the factual scenario in the present case, although technically falling short of actual involuntary commitment, involves allegations of involuntary confinement and restraint, the court must deny the Hospital's motion to dismiss in favor of allowing discovery to proceed. *See Ruffler v. Phelps Memorial Hospital*, 453 F.Supp. 1062, 1066 (S.D.N.Y.1978) ("[t]here can be no doubt that involuntary confinement to a mental hospital, *like involuntary confinement of an individual for any reason*, is a deprivation of liberty which the State cannot accomplish without due process of law.") (emphasis added) (quoting *O'Connor v. Donaldson*, 422 U.S. 563, 580, 95 S.Ct. 2486, 2496, 45 L.Ed.2d 396 (1975) (other citations omitted)).

As Mrs. Palaimo sets forth allegations in her complaint of, *inter alia*, involuntary confinement, until the facts are more fully known as to the State's role, if any, in the Hospital's alleged decision to confine Mrs. Palaimo against her will, the court will not dismiss Plaintiff's action against the Hospital at this time.

### CONCLUSION

The court finds that the Hospital has not shown that reconsideration is warranted in this case based on the need to correct a clear error or to prevent manifest injustice. Indeed, considering the nascent stage of this lawsuit, the charges alleged, and the associated caution against dismissing civil rights claims prematurely, *see Easton v. Sundram*, 947 F.2d 1011, 1015 (2d Cir.1991), *cert. denied*, —— U.S. ——, 112 S.Ct. 1943, 118 L.Ed.2d 548 (1992), the court finds that the

caution against "manifest injustice" warrants a retention of Plaintiff's claims in favor of allowing discovery.[1] Upon a motion for summary judgment at that time, the court may reach a different conclusion; nevertheless, it remains that the court will not dismiss Plaintiff's claim against the Hospital at this time. Thus, the Hospital's motion for reconsideration is hereby DENIED.

**IT IS SO ORDERED.**

---

1. This court's decision comports with Magistrate DiBianco's recent ruling that, notwithstanding the pendency of the present motion for reconsideration, discovery for the Hospital "should go forward." Telephone Conf. Notes, Doc. 52.