**Roy COMMER, Plaintiff,**

v.

**The CITY OF NEW YORK, District Council 37, Local 375, Defendants.**

**No. 94 Civ. 8462 (DAB).**

United States District Court,
S.D. New York.

April 1, 1995.

Roy Commer, pro se, Staten Island, NY.

Jeffrey Schwartz, Robert Perez–Wilson, Andrew M. Wasserman, Paul Crotty Corp. Counsel, New York City, for defendants.

*ORDER*

BATTS, District Judge:

The plaintiff in this action has moved, pursuant to Fed.R.Civ.P. 60(b), for reconsideration of this Court's Order dismissing plaintiff's complaint for lack of subject matter jurisdiction. For the following reasons, plaintiff's motion is denied.

Plaintiff's complaint alleged a violation of 29 U.S.C. § 185. That statute, however, specifically exempts from the definition of employer "the United States ... or any state or political subdivision thereof," which includes the City of New York. 29 U.S.C. § 152(2). As an individual employed by the City of

New York, plaintiff is specifically excluded from the statutory definition of an employee. *See* 29 U.S.C. § 152(3). Thus, on January 11, 1995, this Court dismissed plaintiff's complaint against defendant District Council 37 Local 375 for lack of subject matter jurisdiction.

Plaintiff now moves for reconsideration of that decision, presumably under Fed.R.Civ.P. 60(b)(6)[1], implying that the Court simply erred in dismissing the action. Plaintiff mentions no new issues, nor points of law, not previously raised in his original opposition to defendant's motion to dismiss. Further, plaintiff waited over two months to file his motion, during which period his time to appeal expired. *See* Fed.R.App.P. 4(a)(1).

 It is well settled that Fed.R.Civ.P. 60(b) is not to be used as a substitute for appeal, *See House v. Secretary of Health and Human Services,* 688 F.2d 7, 9 (2d Cir.1982); *Eutectic Corp. v. Metco, Inc.,* 597 F.2d 32, 34 (2d Cir.1979); *Childress v. Taylor,* 798 F.Supp. 981, 996 n. 4 (S.D.N.Y.1992), and that relief under 60(b)(6) may only be granted when "exceptional" or "extraordinary" circumstances exist. *House,* 688 F.2d at 9. The record reflects that plaintiff allowed the time for appeal to pass and then sought 60(b) relief without advancing any argument that would meet the criteria for granting relief under the rule.

For the reasons set forth above, plaintiff's motion for reconsideration is denied.

SO ORDERED

---

1. Plaintiff merely states that he is moving pursuant to Rule 60(b). His alleged grounds for relief, however, make clear that he is relying on subsection 6 of Rule 60(b).