**Nathan FIELDS, Plaintiff,**

v.

**NEW YORK STATE OFFICE OF MENTAL RETARDATION AND DEVELOPMENTAL DISABILITIES, Oswald D. Heck Developmental Center, Michael Cser and John Mangione, Defendants.**

No. 94–CV–0401.

United States District Court,
N.D. New York.

Dec. 27, 1995.

Pattison, Sampson Law Firm (Gerald H. Katzman, of counsel), Troy, New York, for Plaintiff.

Office of the Attorney General, Department of Law (David B. Roberts, Asst. Atty. Gen., of counsel), Albany, New York, for Defendants.

Pattison, Sampson Law Firm (Michael E. Ginsberg, of counsel), Troy, New York, for Movant.

## MEMORANDUM–DECISION and ORDER

McAVOY, Chief Judge.

## I. BACKGROUND

■ **Movant Sameh Ayoub ("Ayoub")** elected not to be a party to this action when it was initiated,[1] but subsequently moved to intervene pursuant to Fed.R.Civ.P. 24. In a Memorandum–Decision and Order dated June 16, 1995, the Hon. David N. Hurd, United States Magistrate Judge, denied Ayoub's request. Assuming that Ayoub was moving for permissive intervention under Fed.R.Civ.P. 24(b)—Ayoub had not stated that he sought to intervene as of right—Judge Hurd found that the motion was untimely. He also held that the "single filing rule"[2] did not apply, because Ayoub had failed to establish that his complaints and the EEOC complaint filed by plaintiff "[arose] out of the same circumstances and occur[ed] within the same general time frame." *Tolliver v. Xerox Corp.*, 918 F.2d 1052, 1057 (2d Cir.1990), *cert. denied*, 499 U.S. 983, 111 S.Ct. 1641, 113 L.Ed.2d 736 (1991).

Inexplicably, Ayoub filed a Notice of Appeal with the Second Circuit Court of Appeals, rather than this Court, on July 10, 1995. As plaintiff's trial date approached, Ayoub applied to this Court for an Order to Show Cause seeking a stay of the trial pending a decision by the Second Circuit. The stay was denied, as was Ayoub's appeal—the Second Circuit notified him on September 5, 1995. In another inexplicable maneuver,[3] Ayoub moved for reconsideration by the Second Circuit on the day before plaintiff's trial was scheduled to begin. Once again, the court denied the motion in clear and unequivocal terms, because a magistrate judge's denial of intervention must be reviewed by a district court. *See New York Chinese TV Programs v. U.E. Enters.*, 996 F.2d 21, 25 (2d Cir.1993).

Ayoub now moves this Court for reconsideration and *de novo* review of the Memoran-

---

1. Plaintiff **Nathan Fields** commenced this action by filing a complaint March 28, 1994, wherein he alleged discriminatory treatment in his employment by defendants **New York State Office of Mental Retardation and Developmental Disabilities and the Oswald D. Heck Developmental Center**, plaintiff's employers, as well as by **defendants Michael Cser and John Mangione**, plaintiff's supervisors. The parties consented to the assignment of the case to the Hon. Gustave J. DiBianco, United States Magistrate Judge, and a jury trial of plaintiff's claims was concluded on October 4, 1995. The jury found, however, that plaintiff had failed to satisfy his burden of proof on any cause of action.

2. The "single filing rule" was adopted by the Second Circuit in *Snell v. Suffolk County*, 782 F.2d 1094, 1100–02 (2d Cir.1986), and provides that when one plaintiff has filed a timely EEOC complaint, other nonfiling plaintiffs may join in the action if their individual claims are sufficiently similar to those of the filing plaintiff. In this case, Ayoub failed to file with the EEOC, and thus the only way he can bring his causes of action against defendants is to "piggyback" them with those of plaintiff.

3. The Second Circuit unequivocally had held that it lacked jurisdiction to hear Ayoub's appeal.

dum–Decision and Order issued by Judge Hurd on June 16, 1995, which denied Ayoub's initial request for intervention. Ayoub contends that he should be permitted to intervene as of right pursuant to Fed.R.Civ.P. 24(a) because denial of intervention severely impairs his interests—apparently because intervention is the only way he can employ the "single filing rule" to circumvent his failure to file with the EEOC. Although plaintiff's case has been decided, Ayoub's motion is not moot at this time because plaintiff has requested a new trial under Fed.R.Civ.P. 59.

## II. DISCUSSION

### A. RULE 60(b) STANDARDS

■ Although Ayoub characterizes his motion as one for reconsideration, he cites Fed.R.Civ.P. 60(b), which provides for relief from judgment. Moreover, the time that has passed since intervention was denied dictates that the motion be treated as one for relief under Rule 60(b), even though what is at issue is not technically a "judgment." A motion made pursuant to Rule 60(b) must adhere to stringent standards, because relief from judgment is limited to the six grounds specified in the rule:

> On motion and upon such terms as are just, the court may relieve a party ... from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud ... misrepresentation, or other conduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged ... or (6) any other reason justifying relief from the operation of the judgment.

Fed.R.Civ.P. 60(b). In deciding a Rule 60(b) motion, "a court must balance the policy in favor of hearing a litigant's claims on the merits against the policy in favor of finality." *Kotlicky v. United States Fidelity & Guar. Co.*, 817 F.2d 6, 9 (2d Cir.1987). *See also* 11 Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2857 (1995).

■ All Rule 60(b) motions must be made within a reasonable time. *See* Fed.R.Civ.P. 60(b). Moreover, courts typically require that the evidence in support of the motion for relief be "highly convincing," that a party show good cause for the failure to act sooner, and that no undue hardship be imposed on other parties. *See United States v. Cirami*, 563 F.2d 26, 33 (2d Cir.1977); Wright and Miller at § 2857. Finally, Rule 60 determinations are committed to the sound discretion of the district judge and will not be overturned on appeal absent an abuse of discretion. *See Browder v. Director, Dep't of Corrections*, 434 U.S. 257, 263 n. 7, 98 S.Ct. 556, 560 n. 7, 54 L.Ed.2d 521 (1978).

Although Ayoub does not so state, the Court assumes that he seeks to take advantage of subpart six of Rule 60(b), the catch-all provision, because that is the only subpart that appears to apply. Subpart six does not provide a standard for deciding when a court should grant a motion thereunder. It is well-settled in this circuit, however, that only three situations warrant such reconsideration of a previous court decision: "(1) an intervening change of controlling law; (2) the availability of new evidence; and (3) the need to correct a clear error or prevent a manifest injustice." *Palaimo v. Lutz*, 837 F.Supp. 55, 55 (N.D.N.Y.1993). Again, only one of these situations seems to comport with the facts of this case, namely number three. Therefore, the court assumes that the basis for Ayoub's motion is his belief that the court should reconsider its previous decision in order to correct "a clear error or prevent a manifest injustice." *Id.*

### B. RULE 24(a) STANDARDS

Only now, in this motion for relief from judgment, does Ayoub finally clarify that his prior motion was one for intervention as of right under Fed.R.Civ.P. 24(a) rather than for permissive intervention under Fed.R.Civ.P. 24(b). After reviewing the record *de novo*, Court adopts Judge Hurd's application of Rule 24(b), through which he determined that Ayoub could not take advantage of the "single filing rule" because his complaint and plaintiff's complaint did not arise out of the same circumstances and time

frame. At this point, however, the Court also will address Ayoub's Rule 24(a) argument in order to complete the Rule 24 analysis.

■ Intervention as of right under Rule 24(a) is granted when an applicant (1) files a timely motion; (2) asserts an interest relating to the property or transaction that is the subject of the action; (3) is so situated that without intervention the disposition of the action may, as a practical matter, impair or impede the applicant's ability to protect its interest; and (4) has an interest not adequately represented by other parties. *United States v. New York,* 820 F.2d 554, 556 (2d Cir.1987). The intervention application will be denied unless all four requirements are satisfied.

In this case, Ayoub has done less than a stellar job in explaining how he meets each of the four standards of Rule 24(a). In fact, Ayoub's arguments seem to apply only to whether or not his ability to protect his interests will be affected by the denial of intervention. For example, in his Reply Affidavit Ayoub's counsel states simply that

> [w]ith regard to the merits of the motion to intervene as of right, Defendants' attorney would have this Court ignore Sameh Ayoub's substantial interest in intervening in this action. In short, Mr. Ayoub will lose his right to pursue legitimate claims of discrimination because he was denied intervention.

(Milillo Rep.Aff. at 2.) Furthermore, in his Memorandum of Law, although Ayoub recites the general legal standard under Rule 24(a), (Ayoub's Mem.Supp.Recon. at 4), his only application of the law is to state that

> [h]ere, the interests of Sameh Ayoub are substantial. He will not be able to challenge and obtain redress for numerous acts of discrimination if he is not granted to intervention [sic]. The Second Circuit recognized those interest [sic] when it adopted the "single filing" rule in *Snell v. Suffolk County,* 782 F.2d 1094 (1986).

**4.** Ayoub has expended significant effort in arguing that his motion for *reconsideration* was

(*Id.* at 4–5.) Thus Ayoub has not specifically addressed whether his Rule 24(a) application was timely[4] or whether his interests are adequately represented by plaintiff.

## 1. Timeliness of Intervention

■ In regard to the timeliness issue, the Court finds that Ayoub's application for intervention was in fact not timely. Whether a motion to intervene is timely is determined "within the sound discretion of the trial court from all the circumstances." *See NAACP v. New York,* 413 U.S. 345, 366, 93 S.Ct. 2591, 2603, 37 L.Ed.2d 648 (1973). Timeliness "defies precise definition, although it certainly is not confined strictly to chronology." *United States v. Pitney Bowes, Inc.,* 25 F.3d 66, 70 (2d Cir.1994). Among the circumstances typically considered are: (1) how long the applicant had notice of the interest before it made the motion to intervene; (2) prejudice to existing parties resulting from any delay; (3) prejudice to the applicant if the motion is denied; and (4) any unusual circumstances militating for or against a finding of timeliness. *United States v. New York,* 820 F.2d at 557.

Here, Ayoub filed his motion for intervention nine months after joinder of additional parties was closed, and now renews his application more than a month after the end of trial. Such tardiness might be justifiable if Ayoub had only recently received notice of plaintiff's action, but the evidence indicates that Ayoub was aware of the proceedings as early as March 28, 1994, when plaintiff filed his complaint. In fact, plaintiff and Ayoub were represented by the same law firm. The Court finds that Ayoub's failure to act sooner, when coupled with the prejudice to defendants that would result if intervention was granted, outweighs the prejudice to Ayoub from a denial of intervention and any "unusual circumstances" that are present. *See Farmland Dairies v. Commissioner of New York State Dep't of Agric. and Mkts.,* 847 F.2d 1038, 1044 (2d Cir.1988) (holding that "post-judgment intervention is generally disfavored because it fosters delay and prejudice to existing parties"); *United States v.*

timely.

*Yonkers Bd. of Educ.*, 801 F.2d 593, 596 (2d Cir.1986) (holding that post-judgment intervention "usually creates delay and prejudice to existing parties ... and undermines the orderly administration of justice").

### 2. Prejudice to Movant

 The Court acknowledges the fact that Ayoub will be prejudiced if he is not permitted to intervene in plaintiff's suit, because he will be *ipso facto* unable to take advantage of the "single filing rule." Yet as the Court already has held, by adopting Judge Hurd's analysis, Ayoub would be unable to take advantage of the single filing rule even if he were allowed to intervene. After intervention his case would mostly likely be dismissed because of his failure to file with the EEOC in a timely manner. Ayoub consequently does not have the significant interest that he professes to have in the outcome of plaintiff's case, and denial of Ayoub's motion, even when it is framed as one for intervention as of right, does not prejudice Ayoub to the extent that it outweighs the other factors the Court has considered.

Finally, the Court is inclined to agree with defendants that Ayoub's "interest" in being permitted to utilize the single filing rule "is not the sort of substantive 'interest' that is contemplated under Rule 24(a)." (Defs' Mem.Opp.Recon. at 11.) The explicit language of Rule 24(a) limits intervention as of right to cases in which the applicant "claims an interest *relating to the property or transaction [that] is the subject of the action....*" Fed.R.Civ.P. 24(a) (emphasis added). Thus the Court finds that having an opportunity to take advantage of the single filing rule is not sufficiently related to the transaction or transactions that are the subject of plaintiff's action. *United States v. New York*, 820 F.2d at 558 ("A Rule 24 interest must be ... direct as opposed to remote...."). Plaintiff's case is about alleged discrimination, not about filing deadlines.

## III. CONCLUSION

The Court has performed a *de novo* review of the record and finds that because (1) Ayoub's motion was untimely and (2) he does not have a sufficient interest in plaintiff's suit, he should not be permitted to intervene in this case under Rule 24(a) or 24(b). The Court also finds that it does not need to correct a clear error or prevent a manifest injustice in this case pursuant to Rule 60(b). As a result, Ayoub's motion is hereby DENIED.

**IT IS SO ORDERED.**